Isaac J. Geery and others, Executors, vs. Henry T. Skelding and others.

New Haven & Fairfield Cos., Jan. T., 1893.  Andrews, C. J., Carpenter, Torrance, Fenn and Prentice, Js.

A testatrix gave a portion of her estate to five children of *D*, a deceased sister, to two children of *W*, a deceased son of *D*, and to an only child of another deceased son of *D*, the issue of any that should have died to take the parent's share.  Held that the two children of *W* took together *per stirpes* one seventh of the whole, and not each *per capita* one eighth.

When the terms of a will leave the intention of the testator in doubt courts incline to adopt that construction which conforms more nearly to the statute of distribution.  This however is a consideration aiding the construction rather than a rule to govern.

[Argued January 17th—decided March 6th, 1893.]

SUIT for the construction of a will; brought to the Superior Court in Fairfield County, and reserved, upon facts found, for the advice of this court.

S. *Fessenden* and *G. A. Carter, Jr.*, for the plaintiffs and for those of the defendants who claimed a *per capita* construction of the will.

*C. L. Reid*, for those of the defendants who claimed a *per stirpes* construction of the will.

CARPENTER, J. The testatrix disposed of the residue of her property as follows :—" Art. 4. All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath in the following manner, to wit:—Upon my decease said rest, residue and remainder is to be divided into three equal parts and distributed as follows :—To Henry E. Lockwood one part. To William D. Lockwood one part. To James A. Skelding, Henry T. Skelding, Thomas Skelding, Anna S. Geery, Elizabeth H. Williams, and Franklin M. Skelding and Addie Skelding, children of William F. Skelding, deceased, and Carrie H. Skelding, child of Francis E. Skelding, deceased, one part. If any of my aforesaid nephews or nieces shall die, leaving lawful issue him or her surviving, such issue shall take the share which the parent if living would take."

The first five persons named in the last clause are the children of a deceased sister of the testatrix, Delia M. Skelding; the next two are the children of a deceased son of Delia M. Skelding; and the last one is the only child of another deceased son; being five nephews and nieces, one grand-nephew, and two grand-nieces of the testatrix.

The question reserved for the court is, whether the two children of William F. Skelding each take one eighth of one third of the estate, or do the two together take one seventh of one third?

The testatrix names Franklin M. Skelding and Addie Skelding. That description indicates a *per capita* construc-

tion. She also describes them as "children of William F. Skelding, deceased." That alone considered indicates a *per stirpes* construction. As both forms of description are used the description leaves the intention in doubt. When the terms of a will leave the intention of the testator in doubt courts generally incline to adopt that construction which conforms more nearly to the statute of distribution. If that was a rule its application would lead us to the conclusion that the legatees take *per stirpes*. But it is a principle to be applied in aid of construction rather than a rule to govern. It may properly serve to turn the scale in cases otherwise evenly balanced, and is always to be borne in mind in considering the language and structure of a will, and the relation, circumstances and condition of the legatees.

It appears that the legatees named in the fourth article of the will are the next of kin and heirs at law of the testatrix. She speaks of them as nephews and nieces, but does not otherwise refer to the relationship they sustained to her. In naming them she names the first five, who are nephews and nieces, and connects them by means of the conjunction "and" with the children of a deceased nephew, and then repeats the conjunction, connecting all with a child of another deceased nephew. This peculiar arrangement indicates a distinction, for some purpose, between the last three persons named and the other five. We find that distinction to be that the last three are the representatives of two deceased nephews. This is an indication that she had in mind the fact that they did not all stand in precisely the same relation to herself. Had she intended to place them all upon an equality, the natural and ordinary course would have been to name the first seven, coupling the eighth with them by the conjunction "and," making no reference to their parentage. The fact that she did not do this, but connected the names of the representatives of the deceased nephews with the names of the others, separately, by repeating the conjunction, is some indication, not a very strong one perhaps, that she had in mind the right of representation, and that

she intended that those who were one degree further removed in relationship should take in that right.

But the last sentence in the fourth article of the will is significant.   Under that it is very clear that had any one of the nephews and nieces died after the making of the will, and before it became operative, the issue of such deceased nephew or niece would have taken his or her share.   She did not in the same form of language provide for the issue of those who had previously died; but can any one doubt that such was her intention?   If it was not, and the *per capita* construction is the proper one, then a contingency might have happened in which there would have been two classes of grand-nephews and nieces; those whose ancestors died before the making of the will would have taken in one proportion, and those whose ancestors died subsequently would have taken in another.   Will it be seriously claimed that she intended any such result?   On the contrary, is not the presumption very strong that she intended that each one who sustained that relation should take in right of his or her ancestor?

If we regard the constructive arrangement of the will it tends to the same conclusion.   She took as the basis of distribution, not her nephews, but her two brothers and one sister, all of whom were dead.   Hence she divided the residue of her estate into three equal parts, one of which was given to the sole representative of her deceased brother, Edmond Lockwood, another part was given to the sole representative of William A. Lockwood, another deceased brother, and the other part is given to the representatives, eight in all, of her sister.   Thus far, in respect to this residue, she has followed strictly the statute of distribution.   Now it is strenuously urged that, in making a division among the issue of a deceased sister, she departs from that rule, by dividing that third into eight parts instead of seven, and giving the two children of William F. Skelding one quarter of that third instead of one seventh; thus nearly doubling the portion which the issue of William F. Skelding take, which necessitates a material reduction in the portion which each

of the other descendants of Delia M. Skelding take. Such a result should not be the product of construction; explicit language or necessary implication should be required. We find neither in this case. On the contrary, the language of the will, its general scheme, the relative situation of the several legatees, together with the rules of law so far as applicable, combine to indicate that the division should be *per stirpes.* Such we think was the intention of the testatrix.

The Superior Court is advised that the two children of William F. Skelding together take one seventh of one third of the residue.

In this opinion the other judges concurred.